**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **EMPIRE JEWELRY INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **Case No. 1:24-cv-00147-N/A** |

**PLAINTIFF'S MOTION PURSUANT TO RULE 60 TO SET ASIDE JUDGMENT OF DISMISSAL ENTERED BY THE CLERK**

In accordance with Rule 60 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff Empire Jewelry Inc. respectfully moves for relief from the judgment of dismissal entered by the Clerk of the Court on September 2, 2026, which had effect as of the same date. Plaintiff's failure to remove this case from the Customs Case Management Calendar ("CCMC") was the result of inadvertence and excusable neglect, in the calendaring of the 24-month deadline under Rule 83(c). For the reasons set forth herein, Plaintiff respectfully prays this Court to enter an appropriate order setting aside the judgment of dismissal, and allow this case to be restored to the CCMC.

## I. Background

Plaintiff has pursued two cases involving separate protests challenging the refusal of U.S. Customs to grant duty-free treatment to Plaintiff's imported goods originating from Oman, as provided by The United States–Oman Free Trade Agreement. Plaintiff's first case was assigned Case No. 1:24-cv-00127. Plaintiff's second case filing, which resided on the CCMC,

was assigned Case No. 1:24-cv-00147. Soon after Plaintiff filed its Case No. 00127, the ongoing conflict in the Middle East, namely the war in Iran, presented challenges for Plaintiff that made responding to discovery requests exceedingly difficult, as information responsive to the government's requests is only available from sources in Oman. Specifically, Plaintiff's manufacturing facility is located in Muscat, Oman. Muscat sits on the Gulf of Oman, immediately adjacent to the Strait of Hormuz—a highly unstable and dangerous area due to ongoing strikes and other variable military action. On this basis, Plaintiff's motions for extensions of time to extend discovery deadlines were filed in late 2025 and 2026 and were granted. In parallel, Plaintiff's counsel had tracked and docketed a 2-year deadline in respect of the second case herein assigned Case No. 1:24-cv-00147. Due to an error in the entry of that docket date by one digit (1**2**7, instead of 1**4**7), the 2-year docket date was removed from the calendar at the time the Court's Orders in Case No. 00127 were issued and the case deadlines were re-set.

## II. Analysis

### A. This Court Has Authority to Set Aside the Notice of Dismissal of this Action

Rule 60(b) of the Rules of the USCIT provides:

Rule 60. Relief from a Judgment or Order

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

This Court's power to grant such relief arises from its endowment with all the powers in law and equity of a Federal District Court. As noted in *Rhone Poulenc, Inc. v. United States*, 880

F.2d 401, 405-06 (Fed. Cir. 1989), which addressed setting aside a judgment of dismissal for cases on this Court's Suspension Disposition Calendar:

> The power to cure found missing in *Torch* [*Quigley & Manard v. United States*, 61 C.C.P.A. 65 (C.C.P.A. 1974)] has now been supplied by "legislation in the Congress." As above indicated, Congress has expressly and unequivocally provided that "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." 28 U.S.C. § 1585. It is not and cannot be disputed that a district court has the power in equity to grant, under Rule 60(b), Fed. R. Civ. P., the type of relief Rhone seeks. Under Section 1585, the Court of International Trade now has that same power in equity. Thus, as not infrequently occurs in the field of international trade, Congress has acted to fill a gap in the law identified in a court holding, *see e.g.*, *United States v. Zenith Radio Corp.*, 562 F.2d 1209, 1216, n. 13 (C.C.P.A. 1977), *aff'd*, 437 U.S. 443 (1978), and upon enactment of § 1585, *Torch* became no longer a viable precedent. The trial court therefore erred in finding that *Torch* expressed "the controlling law."

**B. The Dismissal of the Instant Case Resulted from Inadvertence**

Rule 60(b) allows a judgment of dismissal to be set aside in cases of "inadvertence" or "excusable neglect," just as Rule 6(b)(1)(B) of the Rules of the USCIT states that a motion to extend the time to perform an act that may or must be done within a specified time may be made out of time "if the party failed to act because of excusable neglect or circumstances beyond the control of the party." *See Ceramica Regiomontana, S.A. v. United States*, 8 C.I.T. 309, 311 (1984).

The language and standard of "excusable neglect" in the Rules of the USCIT is derived from the equivalent Federal Rules of Civil Procedure ("FRCP"). U.S. Ct. Int. Trade R. preface; *cf. United States v. Neman Bros. Assocs*., 15 C.I.T. 536, 538 (1991). The authoritative guidance on the meaning of "excusable neglect" in federal court rules is *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993), in which the U.S. Supreme Court considered the same question with respect to the Federal Rule of Bankruptcy Procedure ("FRBP")

9006(b)(1)—the rule that empowers a bankruptcy court to grant an extension of time to a party to complete a time-limited act "where the failure to act was the result of excusable neglect." *See Pioneer*, 507 U.S. at 391. In its grant of certiorari, the U.S. Supreme Court aimed to address a circuit split, for which Courts of Appeals in the Fourth, Seventh, Eighth and Eleventh Circuits took a narrow view of what constitutes excusable neglect, in contrast to the "more flexible" approach adopted by the Sixth and Tenth Circuit Courts of Appeals. 507 U.S. at 387 n.3.

In *Pioneer*, the Supreme Court approved the "more flexible approach" and clarified that "excusable neglect" is "a somewhat 'elastic concept.'" *Id.* at 392; 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (2015). "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs.*, 507 U.S. at 384; *see also Losacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (excusable neglect "may encompass delays 'caused by inadvertence, mistake, or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party and movant's excuse has some merit" (quoting *Pioneer Inv. Servs.*)).

The Supreme Court examined the meaning of "excusable," determining:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395 (footnote omitted); *Former Emps. of Tyco Elecs. v. U.S. Dep't of Labor*, 27 C.I.T. 380, 382 (2003) ("excusable neglect" under Rule 6(b)(1)(B)) of the Rules of the USCIT; *E.I. DuPont DeNemours & Co. v. United States*, 22 C.I.T. 601, 603 (1998) ("excusable neglect" under Federal Rule of Appellate Procedure ("FRAP") 4(a)(5)). The *Pioneer* Court agreed with the Court of Appeals ruling that the neglect at issue was excusable, explaining that "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." 507 U.S. at 398. The Court found "significant" that the deadline that was missed was noticed with a "dramatic ambiguity" and "outside the ordinary course in bankruptcy cases." *Pioneer*, 507 U.S. at 395. The Court ultimately permitted the late filing. *Id.*

**i. Reason for Delay**

Key to the consideration of whether to grant a motion for relief from a judgment in these circumstances is the reason for the failure to timely file. *See Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005). Plaintiff's failure to timely file in this matter reasonably resulted from an inadvertent docketing error, stemming from the relatedness of the issues in this case to an earlier case brought by Plaintiff concerning the application of the same trade treaty.

CCMC practice often takes place outside of the view of a judge, as no judge has yet been assigned to the case. While the grant or withholding of grant of an extension of time is within the Court's discretion, 2 *Moore's Federal Practice* ¶ 6.08, under Rule 82(b)(1) of the USCIT, the Clerk possesses authority to grant or deny all of the relief requested in certain CCMC motions, as they are "[m]otions on consent in unassigned cases extending the time within which to plead [or] move"—leave to file the Motion being an extension of the time to

move, and extension of the CCMC deadline being an extension of the time to plead. Overturning the dismissal requires a judge's intervention (as the Clerk's decision is ultimately subject to the Court's approval for good cause). Rules 78, 82(b), USCIT.

"An attorney has a responsibility to monitor proceedings with some degree of diligence," independent of involvement by the Clerk of the Court. *Prior Prods., Inc. v. Sw. Wheel-NCL Co*., 805 F.2d 543, 546 (5th Cir. 1986); *see Wash. Int'l Ins. Co. v. United States*, 16 C.I.T. 480, 483 (1992). "[A] party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment." *Caterpillar Inc. v. United States*, 22 C.I.T. 1169, 1170 (1998); *Avanti Prods., Inc. v. United States*, 16 C.I.T. 453 (1992).

The Plaintiff's law firm maintains a reliable system for docketing court deadlines, including two independent monitoring systems, through which attorneys and paralegals record all case deadlines. These deadlines appear as entries on attorney calendars in Microsoft Outlook, as well as in the form of email communications. Attorneys and legal assistants also maintain entries on additional calendaring software. Calendar dates are reviewed on a weekly and monthly basis, in both system environments.

**ii. Prejudice to the Defendant**

No harm will result for the parties or the judicial institution by restoring this action to the Court's calendar. Defendant will be litigating the issue of the applicability of The United States–Oman Free Trade Agreement in both of Plaintiff's cases. Defendant's counsel has been informed of Plaintiff's motion and has confirmed it will not oppose.

**iii. Impact on the Court**

Allowance of the untimely filing of this action will not interfere with the efficiency of judicial administration; the substance of this motion is to restore this action to the Court's calendar. "In accordance with USCIT Rule 1, Rule [6(b)(1)(B)] 'shall be construed and administered to secure the just, speedy, and inexpensive determination of this action,'" *Former Emps. of Tyco Elecs.,* 27 C.I.T. at 382, which is what a grant of requested relief would accomplish. *See* 4B *Federal Practice and Procedure* § 1165; 2 *Moore's Federal Practice* ¶ 6.08. "In accordance with the mandate of Rule 1, that the Rules should be construed 'to secure the just, speedy and inexpensive determination in every action,' the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice." *Id.* The USCIT "favors efficient resolution of actions under the rules and will work with opposing counsel who pursue their responsibilities to that end with due diligence." *Telectronics Pacing Sys. v. United States*, 20 C.I.T. 393, 393 (1996); *E. Gluck Corp. v. United States*, 13 C.I.T. 922, 923 (1989).

**iv. Good Faith**

"To establish excusable neglect…a movant must show good faith and a reasonable basis for noncompliance." *Rittmaster v. PaineWebber Grp., Inc.*, 147 F.3d 132, 135 (2d Cir. 1998). Plaintiff's good faith is evidenced by its prompt submission of this motion, upon discovery of the docketing error in internal law firm records.

**III. Conclusion**

Plaintiff has conferred with Mathias Rabinovitch, counsel for the Defendant, who has indicated that he does not object to the motion and defers to the discretion of the Court. For the

reasons set forth herein, Plaintiff submits that it is appropriate for the Court to grant this motion for relief from judgment under USCIT Rule 60(b).

October 2, 2026

Respectfully submitted,

/s/ Maria A. Scungio

Maria A. Scungio
Cowan, Liebowitz & Latman, P.C.
Counsel for Plaintiff
114 West 47th St., 21st Fl.
New York, NY 10036
(212) 790-9253